**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0269n.06

Nos. 12-2330/2331

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Mar 15, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSEPH M. MCADAM, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MATTHEW WARMUSKERKEN, Officer; | ) | THE WESTERN DISTRICT OF |
| DEREK WILSON, Deputy; OSCAR DAVILA, | ) | MICHIGAN |
| Deputy, | ) | |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | |
| CITY OF LUDINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Officers Warmuskerken, Wilson, and Davila appeal the district court's denial of their motions for summary judgment on the basis of qualified immunity. Joseph McAdam has moved to dismiss the appeals for lack of jurisdiction. We deny McAdam's motion and affirm the district court.

In July 2009, McAdam was a passenger in his mother's car when a police officer stopped them for having defective taillights. After pulling the car over, an officer asked McAdam's mother to get out and perform several sobriety tests. While his mother was being tested, McAdam got out

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of the car twice to check on her. The second time, McAdam stated that, instead of getting back in the car, he could just walk home. The officers—including, by that point, the three officers who are the defendants in this case—advised McAdam to go home or risk going to jail. According to McAdam, he then began walking away. As he left, he took out his iPhone and began taping the officers. Officers Warmuskerken, Wilson, and Davila then began following McAdam and, at some point, told McAdam that he was under arrest for disorderly conduct. McAdam then claims the officers performed a leg sweep and subdued him on the ground, where he was unable to move or struggle. Despite his incapacity, McAdam says, the officers then tased him at least four times.

Following his arrest, McAdam was taken to the emergency room for treatment for injuries he suffered while he was being tased. At the hospital, one of McAdam's wrists was handcuffed to a hospital bed, and the bed's wheels were locked. According to McAdam, he was cooperative with the hospital staff and never became aggressive. At some point, McAdam asked for his iPhone and was told that the officers would be keeping it as evidence. McAdam stated that he would refuse treatment on his knee until his phone was returned. In response, McAdam claims that the officers tased him three more times.

McAdam pleaded guilty to assault and battery of the officers, but filed a complaint alleging that the officers used excessive force at the scene of the traffic stop and at the hospital. He also filed state-law claims against Officers Warmuskerken and Wilson for assault and battery. The officers filed motions for summary judgment, arguing that they were protected by qualified immunity and that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred McAdam's claims. The district court denied the motions. The officers sought interlocutory review of their qualified-immunity and *Heck*

defenses. McAdam moved to dismiss the officers' appeals, contending that the district court's decision was not subject to interlocutory review.

To overcome an officer's claim of qualified immunity, a plaintiff must establish, first, that the officer violated a constitutional right and, second, that the right was "clearly established" at the time the officer acted. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A district court's conclusions as to whether a plaintiff has made such a showing are usually subject to interlocutory review. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). If, however, an officer uses an interlocutory appeal merely to quibble over the district court's assessment of the factual record and remains unwilling to accept the claimant's fact-supported version of events, we will dismiss the appeal. *See Johnson v. Jones*, 515 U.S. 305, 319–20 (1995).

In this case, the officers do some quibbling but not enough to preclude our review. To some extent, the officers' briefs continue to protest McAdam's claims that he was cooperative during both the traffic stop and the hospital visit. But they also ask us to consider some legal questions, including whether their conduct violated McAdam's legal rights even after running the inferences in his favor.

*First*, may an officer tase an individual who is subdued on the ground and is not resisting arrest, even if the officer does so only once? No. *See Hagans v. Franklin Cnty. Sheriff's Office*, 695 F.3d 505, 509–10 (6th Cir. 2012); *Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 497–98 (6th Cir. 2012). A single tasing violates a plaintiff's clearly established rights if he is neutralized and is not resisting an officer's efforts to restrain him. The district court thus properly denied the officers' qualified-immunity defense.

*Second*, may an officer tase an individual, who is handcuffed to a hospital bed and is verbally resisting medical treatment, but does not pose a safety risk to hospital staff or police officers? No. *See Austin*, 690 F.3d at 497–98. Again, the right of an individual to be free from an officer's force if he is cooperative and non-aggressive is clearly established. *See Hagans*, 695 F.3d at 509–10. Taking McAdam's factual description of the hospital tasing as true, the officers are not entitled to qualified immunity. Because McAdam has put forward plausible factual bases for his legal claims, he is entitled to a trial.

Because the officers' *Heck* argument is "inextricably intertwined" with their qualified-immunity defense, we turn to it next. *See Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 797 (6th Cir. 1998). *Heck* bars a plaintiff from bringing a 42 U.S.C. § 1983 claim that, if successful, would necessarily imply the invalidity of a prior conviction. *Heck*, 512 U.S. at 487.

The officers argue that McAdam's guilty plea to the charges of assault and battery precludes his § 1983 claims for excessive force. Not so. McAdam maintains that he was tased *after* being handcuffed and *after* he was taken to the hospital. Even if McAdam committed an assault, that would not give the officers license to tase him (free from Eighth Amendment scrutiny) after the underlying events had already occurred and after McAdam was under control, which is what he alleges happened.

The motion to dismiss is denied, and we affirm the denial of the officers' motion for summary judgment based on qualified immunity and *Heck*.